IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NELSON CUEVAS,** : | |
| : | |
| **Petitioner,** : | |
| : | **Civil No. 1:19-CV-1733** |
| v. : | |
| : | **Judge Sylvia H. Rambo** |
| **COMMONWEALTH OF PA,** *et al.*, : | |
| : | |
| **Respondents.** : | |

# __M E M O R A N D U M__

Petitioner Nelson Cuevas, a pretrial detainee incarcerated at the Lebanon County Correctional Facility ("LCCF") in Pennsylvania on state criminal charges, and subject to a state parole revocation detainer, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his pretrial detention. Cuevas has paid the $5.00 filing fee. Cuevas also filed a motion for his emergency release due to a compelling reason, specifically, that he is an incarcerated asthmatic and fears contracting COVID-19. Also pending is his motion for appointment of counsel due to his indigent status. For the following reasons, the Court will summarily dismiss Cuevas' petition pursuant to Rule 4 of the Rules Governing

Section 2254 cases in the United States District Courts[1] and deny his request for compassionate release and appointment of counsel.

## I.     Background

On September 21, 2005, Cuevas entered a guilty plea in the Lebanon County Court of Common Pleas to robbery, robbery – taking of property from another by force, theft by unlawful taking, and terroristic threats with the intent to terrorize another. *See Commonwealth v. Cuevas*, CP-38-CR-000023-2005 (Lebanon Cnty. Ct. Com. Pl.) (docket sheet).[2]  The trial court sentenced him to a consolidated term of 1 to 10 years imprisonment.  (*Id.*).   The same day, Cuevas entered guilty pleas to several other Lebanon County criminal cases.  Relevant to this matter is his plea to robbery of a motor vehicle, criminal conspiracy engaging in robbery of a motor vehicle, criminal trespass, possession with intent to deliver (2 counts – marijuana and crack), possession of drug paraphernalia and criminal mischief.  *See Commonwealth v. Cuevas,* CP-38-CR-0000615-2005 (Lebanon Cnty. Ct. Com. Pl.) (docket sheet).  The trial court imposed a consolidated prison term of 6 months to 5

---

[1] Under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A. foll. § 2254 (2004), the rules governing petitions under 28 U.S.C. § 2254 can be applied to § 2241 petitions. *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158 – 59 (M.D. Pa. 1979).  Therefore, summary dismissal of a § 2241 petition is proper when the petition appears legally insufficient on its face.

[2] The Court takes judicial notice of the docket sheet in Mr. Cuevas' Lebanon County Court of Common Pleas criminal cases and appeals, available to the public via the Unified Judicial System of Pennsylvania Web Portal at https://ujsportal.pacourts.us/ (last searched April 15, 2020).

years. The trial court directed that "[t]he sentences imposed on this action number shall be computed and run consecutively to the sentence imposed on Action No. CR-23-2005." *Cuevas v. Commonwealth,* 1:19-cv-1734 (M.D. Pa.) (Rambo, J.) (§ 2254 challenging his 2005 guilty plea convictions, Doc. 1 at 18.)

The Pennsylvania Board of Probation and Parole, in 2013, released Cuevas on parole. (*Id.* at 6.) He was arrested on September 24, 2018 following a traffic stop and charged with fleeing or attempting to elude a police officer, reckless driving, driving illegally on one-way roadways (2 counts) and operating a vehicle without an official certificate of inspection. *See Commonwealth v. Cuevas*, CP-38-CR-0001655-2018 (Lebanon Cnty. Ct. Com. Pl.) (docket sheet) and Doc. 4. The trial court set bail at ten thousand dollars based on the charges and a "Commonwealth [parole violation] detainer on CP-38-CR-1655." (Doc. 4 at 3.) On February 26, 2019, the trial court denied Mr. Cueva's *pro se* request for a bill of particulars. *See Commonwealth v. Cuevas*, CP-38-CR-1655-2018 (Lebanon Cty. Ct. Com. Pl.) (docket sheet). Shortly thereafter, the court appointed Cuevas counsel. In March 2019, Cuevas, proceeding *pro se*, appealed the trial court's denial of his request for a bill of particulars. *See Commonwealth v. Cuevas*, 546 MDA 2019 (Pa. Super.). On August 23, 2019, the Superior Court of Pennsylvania *sua sponte* quashed Cuevas' appeal finding the trial court's February 26, 2019 pre-trial order was interlocutory in nature as Cuevas has not been tried in the matter

and no judgment of sentence has been imposed. (*Id*.) Cuevas appealed the decision to the Supreme Court of Pennsylvania, *see Commonwealth v. Cuevas*, 127 MM 2019 (Pa.), but later filed a praecipe for discontinuance. On January 31, 2020, Cuevas was convicted of reckless driving, one count of driving the wrong way, and operating a vehicle without a valid inspection. *See Commonwealth v. Cuevas*, CP-38-CR-1655-2018 (Lebanon Cnty. Ct. Com. Pl.) (docket sheet).

In the interim, on December 14, 2018, Cuevas was arraigned on new criminal charges. (Doc. 4 at 4.) In *Commonwealth v. Cuevas*, CP-38-CR-0069-2019 (Lebanon Cnty. Ct. Com. Pl.), Cuevas was charged with rape of a child, involuntary deviate sexual intercourse with a child, indecent assault of person less than 13 years of age, corruption of minors, and endangering welfare of children. (*Id*.) The Court originally set Cuevas' bail at two hundred thousand dollars but reduced it in January 2019 to ninety-five thousand dollars. (*Id*.) A criminal information was filed in the case on February 1, 2019. (*Id*.) A Public Defender is representing Cuevas in this matter. (*Id*.) Cuevas filed a *pro se* notice of appeal of the trial court's March 1, 2019-order denying his *pro se* motion to compel discovery. *See Commonwealth v. Cuevas*, 545 MDA 2019 (Pa. Super.) (docket sheet). On September 24, 2019, the Superior Court of Pennsylvania, quashed it noting the order appealed was interlocutory in nature. (*Id*.) The Superior Court admonished Cuevas advising him that "[a]ny further attempts by *pro se* Appellant

to file an interlocutory appeal while represented by counsel may result in an order directing the Court of Common Pleas filing office to reject further filings by *pro se* Appellant absent express permission of the" presiding judge. (Doc. 4 at 15.) On January 24, 2020, the trial court held a pretrial hearing. *See* CP-38-0069-2019. On March 11, 2020, Cuevas filed another appeal with the Superior Court of Pennsylvania. The following day the Superior Court, noting that counsel represents Cuevas, quashed the appeal. *See Commonwealth v. Cuevas*, 453 MDA 2020 (Pa. Super.) (docket sheet). On April 2, 2020, the Commonwealth filed an amended Information in CP-38-CR-000069-2019. On April 6, 2020, Cuevas filed a certificate of trial readiness. (*Id.*)

Cuevas has been held at the LCCF since September 24, 2018 as a result of: "a) CP-38-CR-615-2005 [robbery conviction], b) CP-38-CR-1655-2018 [traffic stop charges], [and] c) CP-38-CR-69-2019 [child sex offense charges]." Doc. 4 at 2. He filed the present petition for writ of habeas corpus in October 2019 asserting claims of excessive pretrial confinement, excessive bail, the denial of a bill of particulars and ineffective counsel in his child sex offense case. (Doc. 1.) He also claims denial of access to the courts as his *pro se* appellate filings in his child sex offense case were denied without consideration pursuant to *Commonwealth v.*

*Jette*, 23 A.3d 1032 (Pa. 2011).³ (*Id*.) He seeks his release and dismissal of his child sex offense charges due to these alleged constitutional violations. (*Id*. at 8.)

On April 8, 2020, Cuevas filed an Emergency Petition for an Extraordinary Writ Under Exceptional Life-Threatening Circumstances. (Doc. 9.) In the petition, he claims the Commonwealth has placed him under a "perpetual detainer of indefinite nature" and he now faces a "life threatening emergency" due to COVID-19. (*Id*. at ¶ 9.) He argues that, as "an innocent pre-trial prisoner [he] should not be compelled … to remain locked inside of a small cell indefinitely on a cell block with other prisoners" during the COVID-19 pandemic. (*Id*. at ¶ 12.) He adds his lifelong history of asthma "places him in the high risk category for contracting the COVID 19 coronavirus," especially because he does not have an asthma pump in his cell. (*Id*. at ¶ 13.) Instead, he must request asthma treatment from staff who escort him to the medical unit to use his prescribed albuterol medication. "On several occasions" staff have forgotten his requests, or he has fallen asleep awaiting treatment, and on occasion he has hyperventilated and passed out. (*Id*. at ¶ 16.) He argues that "COVID 19 is a highly contagious disease which poses a significant life-threatening health risk inside the LEBANON COUNTY PRISON or any prison." (*Id*. at ¶ 17.) He believes prison officials are

---

³ In *Jette* the Supreme Court of Pennsylvania determined that "the proper response [of the court] to any pro se pleading is to refer the pleading to counsel, and [for the court] to take no further action on the pro se pleading unless counsel forwards a motion." *Jette*, 23 A.3d at 1044.

not "equipped to protect the petitioner from being infected" by prison staff or other prisoners. (*Id*. at ¶ 19.) He also claims a lack of hot water in his cell. (*Id*. at ¶ 22.) As social distancing is "virtually impossible" he feels "he is handcuffed to a railroad track awaiting the COVID 19 freight train before he can expect a fair prosecution and speedy trial" as the virus could appear at any time. (*Id*. at ¶¶ 23 - 24.) As relief, Cuevas seeks his release and "all active detainers lodged by Respondents vacated." (*Id*. at 7.) He also seeks the appointment of counsel in this matter based on his indigent status. (Doc. 7.)

**II.     Discussion**

    **A.     Cueva's § 2241 Petition Challenging his Pretrial Detention**

A state court defendant attempting to litigate the authority of his pretrial detention may bring a habeas petition pursuant to 28 U.S.C. § 2241. *See Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n. 5 (3d Cir. 1975)). Pretrial habeas jurisdiction should be "exercised sparingly" to prevent 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.' *Duran*, 393 F. App'x at 4 (quoting *Moore*, 515 F.2d at 445-46). The petitioner must be "in custody," 28 U.S.C. § 2241(c), and must have exhausted his available state remedies. *Moore*, 515 F.2d at 442 - 43 (although § 2241 does not include a statutory exhaustion requirement comparable to that in 28 U.S.C. § 2254, federal courts have consistently recognized that the

principles of comity and federalism require the exhaustion of all available state remedies). To exhaust a claim, a petitioner must "fairly present" it to each level of the state courts. *See Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000). It is the petitioner's burden to demonstrate that he has raised his claims in the proper state forums through the proper state vehicles, not just that he raised a federal constitutional claim before a state court at some point. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999). A federal habeas petitioner "shall not be deemed to have exhausted remedies available ... if he has the right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). If the petitioner has failed to exhaust all available state court remedies, a federal court should not exercise jurisdiction at the pretrial state absent "a special showing of the need for such adjudication" or demonstrates "extraordinary circumstances" sufficient to excuse his failure to exhaust. *Moore*, 515 F.2d at 442 - 46.

While the court has jurisdiction under § 2241 to entertain Cuevas' pretrial habeas corpus petition, it is clear that he is not entitled to habeas relief at this time. First, the allegations of his petition are misleading with respect to his speedy trial claim of 19 months' pretrial confinement based exclusively on his child sex offense charges. As noted, the Lebanon County Court of Common Pleas dockets

in his various criminal cases reveal Cuevas's traffic stop arrest[4] and subsequent state parole detainer prompted his initial detention at LCCF.  His sex offense charges followed.  Likewise, relevant to this claim of excessive bail, but missing from the petition, is the chronological history of his new state charges, as well as the serious nature of his child sex offense charges.  Nonetheless, it is clear that Cuevas is in pretrial custody (at least with respect to his child sex offense charges) for the purposes of habeas relief pursuant to § 2241; however, Cuevas is not entitled to relief because he failed to exhaust his claims in state court.  Indeed, Cuevas has yet to be tried on his sex offense charges and he has not properly presented or exhausted his available state court remedies with respect to hi his constitutional claim of excessive bail, speedy trial violation, or other challenges to arrest on these charges.  His various *pro se* appeals of the trial court's interlocutory orders denying his *pro se* motions challenging the denial of a bill of particulars, discovery, and the denial of dismissal of the charges on double jeopardy grounds, were all quashed on the basis of *Jette, supra*, and do not constitute rulings by the state courts on his claims.  *See Commonwealth v. Cuevas*, CP-38-CR-0069-2019 (Lebanon Cnty. Ct. Com. Pl.) (docket sheet).  As such, Cuevas did not exhaust his

---

[4] Cuevas has since been convicted on charges emanating from his 2018 traffic stop case, thus any habeas claims based on those charges/convictions are now moot.  He has filed post-sentencing motions that are currently pending.  *See Commonwealth v. Cuevas*, CP-38-CR-1655-2018 (Lebanon Cnty. Ct. Com. Pl.) (docket sheet).

state court remedies prior to the application for federal habeas corpus relief. Finally, while Cuevas may be displeased with the pace of his state-court proceedings, his displeasure does not rise to the level of an extraordinary circumstance requiring adjudication of a pretrial habeas petition. As Cuevas still has the opportunity to raise his speedy trial and other claims during his state trial and any subsequent appellate proceedings in state court, he has failed to make a showing of any "special" or "extraordinary circumstances" sufficient to excuse his failure to exhaust. *Moore*, 515 F.2d at 442 - 46. Accordingly, pretrial habeas corpus relief is thus inappropriate in this case.

    **B.**    **Motion for Emergency Release due to Extraordinary Circumstances**

The standard for a temporary restraining order is the same as for a preliminary injunction. In order to obtain a preliminary injunction, the requesting party must show: (1) a reasonable likelihood of success on the merits; (2) irreparable injury if the requested relief is not granted; (3) the granting of preliminary injunction will not result in greater harm to the non-moving party; and (4) the public interest weighs in favor of granting the injunction. *Fulton v. City of Philadelphia*, 922 F.3d 140, 152 (3d Cir. 2019) (citing *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017)). If the first two "gateway factors" are satisfied, "a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the

requested relief." *Reilly*, 858 F.3d at 179. If Cuevas cannot establish both a likelihood of success on the merits and a probability of irreparable harm, the issuance of a preliminary injunction is inappropriate. (*Id.*) Where, as here, Cuevas seeks a mandatory preliminary injunction that will alter the status quo, he "bears a particularly heavy burden in demonstrating its necessity." *See Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir. 1994).

Cuevas, who is almost 38 years old, asks the Court to release him from prison due to his chronic asthmatic condition in light of the COVID-19 pandemic. Because Cuevas seeks his immediate release from prison due to "extreme" conditions of confinement claim presented by a potentially medically compromised individual to the severe consequences of COVID-19, his action is cognizable in the form of a habeas. *See Camacho Lopez v. Lowe*, Civ. Action No. 3:20-0563, 2020 WL 1689874, at *4 - 6 (M.D. Pa. Apr. 7, 2020) (Conner, C.J.) (deciding habeas relief available to address ICE detainee's emergency request for temporary restraining order directing his release after contracting COVID-19 and allegations of inadequate medical care).

In his unbriefed motion, Cuevas contends LCCF officials know that "a prison is a peatri (sic) dish for COVID 19" but continue to detain him without providing gloves, a mask, hand sanitizer or an "asthma pump" for use in his cell. He does not allege he, or his cellmate, are feverish, or have tested positive for

COVID-19. (Doc. 9 at ¶ 21.) He claims his cell lacks hot water but does not claim the lack of access to soap and water in his cell. Cuevas does not allege that anyone at the facility, staff or inmate, has tested positive for COVID-19. Finally, Cuevas does not suggest that he, through his counsel, has sought a modification of his bail based on his vulnerability to COVID-19 due to his asthma. In sum, he seeks his release because "a pre-trial prisoner should not p[sychologically] feel as if he is handcuffed to a railroad track awaiting the COVID 19 freight train before he can expect a fair prosecution and speedy trial." (*Id*. at ¶ 23.)

While the Court is sympathetic to Cuevas' anxiety and fear of exposure to and contracting COVID-19, the Court finds that he cannot meet the heavy burden warranting the grant of injunctive relief. First, as the Court has concluded that the state courts should first address the unexhausted claims in Cuevas' petition, he cannot establish a reasonable likelihood of success on the merits of his underlying habeas petition. Next, Cuevas has not made a showing of irreparable harm warranting the exceptional relief of his release based on the facts set forth in his motion. Even if the Court granted Cueva's temporary release from LCCF confinement, he would be immediately turned over to state authorities due to his parole detainer. At best, Cuevas' surroundings, but not his status as a prisoner, would change. As the Third Circuit Court of Appeals recently noted "the mere existence of COVID-19 in society and the possibility that it may spread to a

particular prison alone cannot independently justify … release." *United States v. Raia*, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020). Additionally, Cueva's asthmatic condition, alone, is insufficient to compel Cueva's pretrial release. *See United States v. Santana*, No. 1:19-CR-251, 2020 WL 1692010 (M.D. Pa. Apr. 7, 2020) (collecting cases) (asthmatic prisoner with sleep apnea denied temporary release); *United States v. Williams*, Crim. No. PWG-19-8, 2020 WL 1643662, at *2 (D. Md. Apr. 2, 2020) (denying defendant's motion for release from facility where five detainees tested positive for COVID-19 and defendant suffered from allergies and asthma); *United States v. Teon Jefferson*, Crim. No. CCB-19-487, 2020 WL 1332011 (D. Md. Mar. 23, 2020) (denying asthmatic defendant's motion for release due to COVID-19 outbreak).

Having failed to carry his burden on either of the two primary gateway factors for the issuance of injunctive relief, Cuevas' request for temporary release is denied without prejudice to him (with the assistance of his defense counsel) filing a motion for modification of bail with the trial court based on his COVID-19 concerns.

### C. Cuevas' Motion for Counsel

Cuevas seeks the appointment of counsel in this matter because he in indigent and has limited access to legal materials and is not "litigation savvy". (Doc. 7.) The Court may appoint counsel to represent a habeas petitioner if it

13

"determines that the interests of justice so require," and that the petitioner is financially unable to obtain adequate representation.  *See* 18 U.S.C. § 3006A(a)(2).  The initial determination to be made by the Court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the petitioner's case has some arguable merit in fact and law.  *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).  Having decided Cuevas' petition is without merit, his motion for counsel will be denied.

An appropriate order follows.


Dated**:**  April 20, 2020                                  s/Sylvia H. Rambo
                                                            SYLVIA H. RAMBO
                                                            United States District Judge